UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AARON FLEMONS                                                                                          PLAINTIFF

v.                                                  No. 2:16-cv-2037

JOHN DEVANE *et al.*                                                                               DEFENDANTS

## OPINION AND ORDER

Before the Court is plaintiff Aaron Flemons's motion to reopen case and appoint counsel (Doc. 96). For the reasons given below, this motion will be denied.

This is a civil rights lawsuit that Mr. Flemons, who is currently incarcerated in the Arkansas Department of Corrections, brought regarding several incidents that occurred while he was incarcerated in the Sebastian County Detention Center. Mr. Flemons filed this case *pro se*, and proceeded in that capacity for much of its duration. The case had a somewhat convoluted procedural history, which need not be recounted in full here. Although many of Mr. Flemons's claims were dismissed at either the pleading or summary-judgment stage, two of his claims survived summary judgment. *See* Doc. 70-2. The Court then appointed counsel to represent Mr. Flemons on those surviving claims. *See* Docs. 76, 84.

Later, on April 12, 2022, the parties conducted a settlement conference before Chief United States Magistrate Judge Mark E. Ford. *See* Doc. 93. Although the parties reached a settlement of all remaining claims during that conference, there was a delay in their filing of a joint stipulation of dismissal. On May 3, 2022, counsel for Mr. Flemons informed the Court that several days earlier they had received a draft of the written agreement from counsel for the defendants, and that the parties were working to resolve a minor issue regarding payment of a filing fee. Seven days later, counsel for the defendants informed the Court that the parties were now in complete

1

agreement on the updated terms of the settlement release, and that they were now only waiting on signatures and payment. Another month and a half went by without any further updates to the Court or activity on the docket; so on June 28, 2022, the Court emailed counsel for both sides requesting that they promptly file a stipulation or motion for dismissal. The Court also informed the parties in that email that if a settlement payment had not been completed, then it would retain jurisdiction in this matter regarding the settlement. Three days later, the parties filed a joint stipulation of dismissal (Doc. 94), after which the Clerk of Court entered an order (Doc. 95) dismissing this case with prejudice.

Five months later, on December 8, 2022, Mr. Flemons filed a motion (Doc. 96) *pro se*, requesting that this case be reopened and that new counsel be appointed for him. In his motion, Mr. Flemons alleges that he never signed the settlement agreement, and that his court-appointed attorney nevertheless stipulated to dismissal of his claims without his permission. *See id.* at ¶¶ 2–3. In particular, Mr. Flemons states that his attorney caused the settlement agreement to be faxed or emailed to the institution where he was incarcerated, and that employees of that facility presented him with the written agreement so he could sign it, but that he refused to do so "because it came from the ADC officials whom I do not trust." *See id.* at ¶ 4.

The Court will construe Mr. Flemons's motion as having been brought under Federal Rule of Civil Procedure 60(b), which authorizes a court to relieve a party from a final judgment, order, or proceeding for "any . . . reason that justifies relief." When a party's attorney lacked authority to agree to a settlement and to consent to entry of judgment, that constitutes grounds for relief under Rule 60(b). *See Surety Ins. Co. of Cal. v. Williams*, 729 F.2d 581, 582–83 (8th Cir. 1984). However, "an attorney is presumed to possess authority to act on behalf of the client," and "affirmative proof that the attorney had no right" to settle the claims is required for the judgment

to which that attorney consented to be set aside. *See id.* Importantly, Mr. Flemons's motion does *not* allege that the terms of the written agreement he refused to sign were materially different from what he previously agreed to at the settlement conference; and his motion does *not* allege that payment under the settlement agreement has not been completed. Since the Court presently has no basis for concluding that the joint stipulation of dismissal filed in this case was anything other than the consequence of Mr. Flemons's "deliberate choice to settle" which he made "with advice from counsel" during the April 12 settlement conference, the motion will be denied. *See Mardanlou v. General Motors Corp.*, 69 Fed. App'x 950, 952 (10th Cir. 2003).

      IT IS THEREFORE ORDERED that plaintiff Aaron Flemons's motion to reopen case and appoint counsel (Doc. 96) is DENIED.

      IT IS SO ORDERED this 13th day of January, 2023.

                                                    /s/ P. K. Holmes, III
                                                    P.K. HOLMES, III
                                                    U.S. DISTRICT JUDGE