UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AARON FLEMONS                                                                                               PLAINTIFF

v.                                              No. 2:16-cv-2037

JOHN DEVANE *et al.*                                                                                     DEFENDANTS

## OPINION AND ORDER

Before the Court is plaintiff Aaron Flemons's second motion to reopen case and appoint counsel (Doc. 98). For the reasons given below, this motion will be denied.

The parties reached a settlement of all remaining claims during a settlement conference before Chief United States Magistrate Judge Mark E. Ford on April 12, 2022. Mr. Flemons, who is an incarcerated civil rights claimant, was present at that settlement conference and was represented there by court-appointed counsel. After a two-and-a-half-month delay, the parties filed a joint stipulation of dismissal pursuant to their settlement agreement. *See* Doc. 94. Five months later, on December 8, 2022, Mr. Flemons filed a motion (Doc. 96) *pro se*, requesting that this case be reopened and that new counsel be appointed for him. He alleged that he never signed the written settlement agreement, and that his attorney nevertheless stipulated to dismissal of his claims without his permission. The Court denied that motion because it provided "no basis for concluding that the joint stipulation of dismissal filed in this case was anything other than the consequence of Mr. Flemons's deliberate choice to settle which he made with advice from counsel during the April 12 settlement conference." *See* Doc. 97, p. 3 (internal quotation marks omitted). In particular, the Court noted that Mr. Flemons's motion did not allege that payment under the settlement agreement had not been completed or that the terms of the written agreement he had

1

been presented with after the settlement conference differed in any material way from the settlement that had previously been reached during that conference.

Now Mr. Flemons has filed a second motion to reopen the case and appoint new counsel, elaborating upon the allegations and arguments made in his prior motion. Most importantly, Mr. Flemons now alleges that "[t]o date I've still not received any payment." *See* Doc. 98, ¶ 4. However, Mr. Flemons also attached correspondence from his attorneys that clearly shows the settling defendants provided Mr. Flemons's court-appointed counsel with the payment due to him under the terms of the settlement agreement. That correspondence also shows that the only reason Mr. Flemons had not yet received this payment was because he was failing to communicate with his attorneys, refusing to provide his attorneys with written instructions on where to send the check, and refusing to return a signed copy of the written agreement to his attorneys. *See generally* Docs. 98-1, 98-2. The post-settlement breakdown in communication between Mr. Flemons and his attorneys does not implicate the validity of the settlement agreement that the parties reached during the April 12 settlement conference, nor does it call into question the defendants' compliance with the terms of that agreement.

IT IS THEREFORE ORDERED that plaintiff Aaron Flemons's second motion to reopen case and appoint counsel (Doc. 98) is DENIED.

IT IS SO ORDERED this 21st day of February, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE