UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AARON FLEMONS                                                                                           PLAINTIFF

v.                                              No. 2:16-cv-2037

JOHN DEVANE *et al.*                                                                                  DEFENDANTS

## OPINION AND ORDER

Before the Court is plaintiff Aaron Flemons's third motion to reopen case and appoint counsel (Doc. 100), as well as Mr. Flemons's motion to supplement that motion with additional argument and information (Doc. 103). For the reasons given below, the motion to supplement will be granted and the motion to reopen will be denied.

As the Court recounted in a previous order:

> The parties reached a settlement of all remaining claims during a settlement conference before Chief United States Magistrate Judge Mark E. Ford on April 12, 2022. Mr. Flemons, who is an incarcerated civil rights claimant, was present at that settlement conference and was represented there by court-appointed counsel. After a two-and-a-half-month delay, the parties filed a joint stipulation of dismissal pursuant to their settlement agreement. *See* Doc. 94. Five months later, on December 8, 2022, Mr. Flemons filed a motion (Doc. 96) *pro se*, requesting that this case be reopened and that new counsel be appointed for him. He alleged that he never signed the written settlement agreement, and that his attorney nevertheless stipulated to dismissal of his claims without his permission. The Court denied that motion because it provided "no basis for concluding that the joint stipulation of dismissal filed in this case was anything other than the consequence of Mr. Flemons's deliberate choice to settle which he made with advice from counsel during the April 12 settlement conference." *See* Doc. 97, p. 3 (internal quotation marks omitted). In particular, the Court noted that Mr. Flemons's motion did not allege that payment under the settlement agreement had not been completed or that the terms of the written agreement he had been presented with after the settlement conference differed in any material way from the settlement that had previously been reached during that conference.

(Doc. 99, pp. 1–2).

1

Mr. Flemons then filed a second motion to reopen the case and appoint new counsel. The Court denied that motion as well, reasoning as follows:

> Mr. Flemons now alleges that "[t]o date I've still not received any payment." *See* Doc. 98, ¶ 4. However, Mr. Flemons also attached correspondence from his attorneys that clearly shows the settling defendants provided Mr. Flemons's court-appointed counsel with the payment due to him under the terms of the settlement agreement. That correspondence also shows that the only reason Mr. Flemons had not yet received this payment was because he was failing to communicate with his attorneys, refusing to provide his attorneys with written instructions on where to send the check, and refusing to return a signed copy of the written agreement to his attorneys. *See generally* Docs. 98-1, 98-2. The post-settlement breakdown in communication between Mr. Flemons and his attorneys does not implicate the validity of the settlement agreement that the parties reached during the April 12 settlement conference, nor does it call into question the defendants' compliance with the terms of that agreement.

*Id.* at 2.

Mr. Flemons then filed a third motion to reopen the case and appoint new counsel, after which the Court entered an order (Doc. 101) directing the warden at the unit where Mr. Flemons is incarcerated to make Mr. Flemons available for consultation with his legal team. After meeting with his legal team, Mr. Flemons filed a motion to supplement his third motion to reopen with additional argument and information. The Court will grant the motion to supplement and will consider the argument and information contained therein when ruling on Mr. Flemons's third motion to reopen.

In his third motion to reopen and his motion to supplement, Mr. Flemons alleges the following material facts:

- Mr. Flemons is disappointed with his attorney because at the settlement conference Mr. Flemons ended up agreeing to a settlement of $2,500.00, even though before the settlement conference his attorney told him he would be able to get $3,000.00. *See* Doc. 100, p. 3.

- In a videoconference with his attorney following the settlement conference, Mr. Flemons informed his attorney that the settlement check should be sent to Mr. Flemons's sister. *See id.*

- In a letter that Mr. Flemons sent to his attorney following that videoconference, Mr. Flemons authorized his attorney to sign the written settlement agreement on his behalf. *See id.*

- After the Court's most recent order directing the warden to make Mr. Flemons available for consultation with his legal team, Mr. Flemons and his attorney had another videoconference. At this videoconference, Mr. Flemons asked his attorney whether he was legally required to pay a filing fee for his previous appeal, and if so then whether it has been fully paid; his attorney did not know the answers to those questions at that time. *See* Doc. 103, p. 1.

- After that last videoconference, Mr. Flemons wrote his attorney a letter, complaining that "you allowed and tried to convince me to agree to a settlement agreement that did not cover the 8th circuit filing fee for an appeal" (emphasis in original), and instructing his attorney to "1.) verify if I was charged for the appeal to the eighth circuit – and if I was, re-open my case (settlement agreement) and include this in the settlement terms; or 2.) re-open case for jury trial." *See id.* at 3.

Assuming for the sake of argument that all of these allegations are true, all they show is that—as the Court has already found in ruling on his previous motions to reopen—Mr. Flemons made a deliberate choice, with advice from counsel, to settle his case on terms that he subsequently came to regret; that he is now attempting to renegotiate his settlement agreement on terms that are more favorable to him; and that as a result of this, payment of his settlement check has been held

3

up. As the Court has also repeatedly observed, backing out of valid settlement agreements is not a proper function of a motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b). *See Mardanlou v. Gen. Motors Corp.*, 69 F. App'x 950, 952 (10th Cir. 2003).

IT IS THEREFORE ORDERED that plaintiff Aaron Flemons's motion to supplement (Doc. 103) is GRANTED, and his third motion to reopen case and appoint counsel (Doc. 100) is DENIED.

IT IS SO ORDERED this 12th day of September, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE